The State vs. Black.

THE STATE vs. BLACK.

An indictment against a person for trading with Indians, must aver that the Indians had not a written permit from their proper agent.

ERROR to Jasper Circuit Court.

McBRIDE, J., delivered the opinion of the court.

The defendant was indicted at the April term, 1844, of the Jasper circuit court, for selling spirituous liquors to Indians.

The indictment contains three counts. At the October term, 1844, the defendant by his attorney, filed his motion to quash the indictment, "because it does not appear on the face of the indictment, that the Indians to whom the spirituous liquors were sold, had no permit from the agent," &c. The circuit court sustained the motion and quashed the indictment, to which the circuit attorney excepted, and sued out a writ of error from this court.

The question raised by the record, is the action of the circuit court in quashing the indictment for the cause assigned. The indictment contains no averment or charge that the Indians had not a written or other permit from the proper agent.

By the provisions of the first section of "an act to suppress intercourse with Indians," approved February 9, 1839, it is declared unlawful "For any person or persons to trade or traffic or barter with any Indian or Indians, either by selling, trading or exchanging them any spirituous liquors, &c., unless such Indians shall be traveling through the State, and have a written permit from the proper agent, or under the direction of the proper agent, in person."

Should the indictment negative the existence of a written permit from the proper agent of the Indians to whom the spirituous liquors are charged to have been sold?

Whether under a public or private statute, the indictment should state all the circumstances which constitute the definition of the offence in the act, so as to bring the defendant precisely within it; and must with certainty and precision charge him with having committed or omitted the acts constituting the offence, under the circumstances, and with the intent mentioned in the statute. And if there be any exception contained in the same clause of the act which creates the offence the indictment must show, negatively, that the defendant, or the subject of the indictment, does not come within the exception. But if the exception be in a subsequent clause or statute, it is properly matter of defence for the defendant, and need not be negatived in the indictment. Barbour's Crim. Treatise, 290–1; Arch. C. P. 53, and the authors there cited.

Applying the foregoing principles to the indictment under consideration, we are of opinion it is bad for the omission of a negative averment, that the Indians to whom the spirituous liquors were sold, had not a written permit from the proper agent, or that the sale did not take place under the direction of the proper agent in person; and that the circuit court committed no error in quashing the indictment.

The judgment of the circuit court is therefore affirmed.